IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BOB BROWN, JR.,

        Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security
Administration,

        Defendant.

Civ. No. 6:15-CV-01117

OPINION AND ORDER

MCSHANE, Judge:

        Plaintiff Bob Brown, Jr. seeks judicial review of the Commissioner's decision denying his applications for child disability benefits and supplemental security income (SSI). This court has jurisdiction under 42 U.S.C. §§ 401-33, 1381-83f.

        Brown filed applications for Child's disability and SSI disability benefits on March 1, 2012. Tr. 190-91, 192-97. After a hearing, the administrative law judge (ALJ) issued a written decision finding Plaintiff not disabled. Tr. 14-29. The Appeals Council declined to grant Plaintiff's timely request for review and the ALJ's decision became the final order of the agency. Tr. 1-6.

Upon review of the administrative record as a whole, this Court determines substantial evidence exists to support the Commissioner's decision. While evidence exists to support more than one rational interpretation, the court must and does defer to the Commissioner's decision.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)).

To determine whether substantial evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). The Commissioner's findings are upheld if supported by inferences reasonably drawn from the record; if evidence exists to support more than one rational interpretation, the court must defer to the Commissioner's decision. *Batson*, 359 F.3d at 1193; *Aukland v. Massanari,* 257 F.3d 1033, 1034-35 (9th Cir. 2000) (when evidence can rationally be interpreted in more than one way, the court must uphold the Commissioner's decision).

The ALJ need not discuss all evidence presented, but must explain why significant probative evidence has been rejected. *Stark v. Shalala*, 886 F. Supp. 733, 735 (D. Or. 1995). *See also Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (in interpreting the evidence and developing the record, the ALJ need not discuss every piece of evidence).

## DISCUSSION

The Social Security Administration uses a five step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. The initial burden of proof rests upon the claimant to meet the first four steps. If claimant satisfies his or her burden with respect to the first four steps, the burden shifts to the Commissioner at step five. 20 C.F.R. § 404.1520. At step five, the Commissioner's burden is to demonstrate the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity, age, education, and work experience. *Id.*

Here, the ALJ found at step one of the sequential analysis that Plaintiff has not engaged in substantial gainful activity (SGA) since the alleged onset date. At step two, the ALJ found Plaintiff has Asperger's disorder and anxiety disorder, NOS, and that those impairments are severe. Tr. 19. At step three, the ALJ found Plaintiff's impairments do not meet or equal any listed impairments. Tr. 20. The ALJ found Plaintiff has the following residual functional capacity:

> a full range of work at all exertional levels but with the following nonexertional limitations: he could carry out simple, routine tasks in an unpressured environment with no specific quotas; can engage in occasional coworker and supervisor contact, with predictable and routine work involving only brief, minimal, routine contact with the general public.

Tr. 21.

At step four of the sequential analysis, the ALJ found Plaintiff does not have any past relevant work. At step five, the ALJ found Plaintiff could perform the occupations of sorter (DOT # 222.687-014), hand packager (DOT # 920.686-038), and housecleaner (DOT # 323.687-014). Tr. 28.

Plaintiff contends that the ALJ's step-five determination is not supported by substantial evidence in that 1) the Plaintiff has restrictions not properly considered by the ALJ 2) the ALJ's

vocational hypothetical did not include all of Plaintiff's restrictions and 3) Plaintiff cannot sustain work activity on a regular and continuing full-time basis. Pl.'s Br. 9-10, ECF No. 16. Plaintiff also argues that "the record and the ALJ's own RFC finding show that Plaintiff would not be able to perform work without accommodations and is therefore disabled." *Id*.

### I. Substantial Evidence for the Commissioner's Decision

The Court finds there to be substantial evidence in the record as a whole to support the Commissioner's decision. Plaintiff is diagnosed with Asperger's syndrome which displays itself along a spectrum. The ALJ properly considered the findings and opinions of the examining and non-examining doctors and articulated specific and legitimate reasons for the weight given to those findings and opinions.

The medical opinion of a claimant's treating or examining physician is entitled to "special weight" because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Rodriguez v. Bowen*, 876 F.2d 759, 761 (9th Cir. 1989)(citation omitted). The ALJ may reject the uncontradicted opinion of a treating or examining physician by providing clear and convincing reasons supported by substantial evidence in the record. *See Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996); *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence. *Barnhart*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)(citation omitted). Further, an ALJ may

reject a physician's opinion if it conflicts with the physician's other findings. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

Although the contrary opinion of a non-treating medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record. *Magallanes*, 881 F.2d at 752.

## A. Commissioner's Weighing of Evidence

The three examining doctors are Dr. Duane Kolilis, Dr. Paul Guastadisegni, and Dr. Gregory Cole. Dr. Kolisis, in January 2005, performed a consultative psychodiagnostic examination of the Plaintiff. Tr. 22, 360-64. Dr. Kolilis diagnosed Asperger's syndrome, describing Plaintiff as quite intelligent but with some cognitive limitations and behavioral problems. Tr. 22, 363. He opined Plaintiff was not capable of understanding, remembering, and following even simple one- to two-step instructions; sustaining concentration and attention; persisting in work-related activities; engaging in appropriate social interaction; or adapting to changes in routine. Tr. 25, 363. Overall attention and concentration for specific numeric tasks were good as tested today in a quiet, patient environment. Tr. 363.

The ALJ gave Dr. Kolilis's evaluation "limited weight" finding that the record as a whole did not support it. Tr. 25. The ALJ referred to the June 2012 psychodiagnositic evaluation performed by Dr. Cole. Contrary to Dr. Kolisis, Dr. Cole opined that Plaintiff was able to sustain simple routine tasks and complete a simple multiple-step task. Tr. 25, 350. The ALJ found Dr. Cole's more recent 2012 opinion to be more probative than Dr. Kolilis' 2005 opinion

The ALJ noted that Plaintiff graduated from high school with a regular diploma, albeit needing an extra year and special education accommodations in order to complete his course

work. These accomodations included time-out space when the Plaintiff became frustrated. Tr. 223-4, 243. The ALJ found nothing in Plaintiff's education records to show that he was unable to sustain concentration and attention or unable to follow one- and two-steps instructions. Def.'s Br. 4, ECF No. 26; Tr. 220-317. Rather, the ALJ found specific evidence within the educational records that indicated that the Plaintiff has the ability to sustain concentration and attention and to follow one- and two-steps instructions. Tr. 226, 235, 254, 270, 272, 277, 280-88, 315.

The ALJ also found Dr. Kolisis' assessment to be inconsistent with the opinion of the State agency's reviewing psychologist, Joshua Boyd, Psy.D. Tr 25, 83. Dr. Boyd concluded that although Plaintiff was not able to carry out or maintain attention/concentration on detailed instructions, he was able to maintain attention/concentration with regard to simple instruction. Tr. 86. Dr. Boyd further noted that Plaintiff was able to work in coordination/proximity of co-workers occasionally, but not frequently, without being distracted. Tr. 26.

The ALJ gave Dr. Guastadisegni's opinion some weight because it was generally consistent with evidence of social and adaptive deficits caused by anxiety and Asperger's disorder. Tr. 26. The ALJ did not give Dr. Guastadisegni's opinion full weight though, because his evaluation showed Plaintiff performed very well on most testing, was of average intelligence, and was clearly high functioning despite his Apserger's disorder. Tr. 26. Dr.Gustadisegni did opine that, although Plaintiff was intelligent and did not have a cognitive impairment, Plaintiff's deficits in adaptive skills and in social functioning would prevent him from being able to sustain employment. Plaintiff's intellectual strengths did not translate to everyday functional ability. Tr. 396-97. Dr. Guastadisegni noted Plaintiff was easily overwhelmed with over stimulation of noises and lights. Tr. 26, 398. The ALJ discounted Dr. Guastadisegni's findings as inconsistent with Plaintiff's activities of daily living to include computer chatting, playing video games;

dining out, using public transportation, watching television, or spending time shopping in stores. Tr. 26. While Dr. Guastadisengi concluded Plaintiff could not maintain full time work, that issue is specifically reserved under the Regulations for the Commissioner. Tr. 26 (citing 20 C.F.R. §§ 404.1527(d)(1-3), 416.927(d)(103).

### B. Plaintiff's Argument on the Evidence

Plaintiff argues the ALJ improperly gave "great weight" to the opinions of the non-examining state agency reviewing doctors, Dr. Lahman and Dr. Boyd, while giving only "limited weight" to the January 2005 examination by Dr. Kolilis, and only "some weight" to the 2013 examination by Dr. Guadstadisegni. Pl.'s Br. 11-12, ECF No. 16. Plaintiff's brief details evidence that reasonably supports an alternative interpretation of the evidence, but for reasons stated, deference must be provided to the Commissioner's decision where there may be more than one interpretation. *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

Plaintiff has Autism Spectrum Disorder with anxiety disorder. Tr. 190. While Plaintiff has an average intellect with a full scale IQ score of 118 he struggles as the task complexity increases. He has difficulties with social and communication skills. Tr. 350, 391. At the December 9, 2013 hearing, Plaintiff reported how he once had a job with his father's remodeling business, but ended when Plaintiff was unable to handle the pressure of having to complete the work tasks quickly and timely. Tr. 41-43. Plaintiff is meticulous, reads slowly, and is less able to do things "on the fly." Tr. 46.

Plaintiff's father described Plaintiff as being overwhelmed in situations that involve noise and activity, such as when he took Plaintiff to work at the shipyard. Tr. 57. Plaintiff had a difficult time remembering and following instructions when they worked together, and he had to

repeat basic instructions to Plaintiff several times. Tr. 58-59. Plaintiff's typical day is spent on his computer chatting and playing video games for up to 15 hours. Plaintiff performed personal care without difficulty, and prepared food daily. Plaintiff washed dishes four times a week, took out the garbage and recycling weekly, although he needed reminders to perform chores. The lawn mower and weed eater are too loud and frightening to Plaintiff, so he does not do yard work. Tr. 204.

Plaintiff does commute using public transportation, and was able to go out on his own. He shopped in stores and by computer for three to six hours once a month for video games and some personal things. Tr. 26. This is consistent with Plaintiff's educational records which note that he has many "academic strengths" but needs help when "things go wrong." Tr. 226. He is able to complete regular education classwork with accommodations and occasional assistance. He has difficulties with social situations and frequently overreacts. At the same time, he is able to advocate for himself when he is over-whelmed or needs clarification. Tr. 226.

The ALJ properly considered all of the evidence and the record as a whole. The ALJ incorporated Plaintiff's limits into the RFC; Plaintiff is limited to simply, routine tasks, with limited social interaction. Tr. 27.

## CONCLUSION

The ALJ accounted for all reasonable limitations and incorporated them into Plaintiff's residual functional capacity: Plaintiff "could carry out simple, routine tasks in an unpressured environment with no specific quotas." Tr. 21. ALJ's vocation hypothetical did include all of his restrictions. The Commissioner properly took into account the medical evidence from the examining doctors, and from the lay testimony regarding Plaintiff's symptoms and how

impairment affects the ability to work. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (citation omitted).

Because substantial evidence exists within the record as a whole to support the Commissioner's decision, this Court AFFIRMS the Commissioner's decision.

IT IS SO ORDERED.

DATED this 18th day of October, 2016.

_____
**Michael J. McShane**
**United States District Judge**